IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GRAY, | |
| *Plaintiff,* | Case No. 23 CV 00463-MLB |
| v. | |
| | Hon. Michael L. Brown |
| CITY OF ALPHARETTA, a political subdivision of the State of Georgia; ARICK FURR, a Lieutenant of the Alpharetta Department of Public Safety, in his individual capacity; and HAROLD SHOFFEITT, an officer of the Alpharetta Department of Public Safety, in his individual capacity, | Jury Trial Demanded |
| *Defendants.* | |

## DEFENDANTS' PARTIALLY OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

NOW COME Defendants Arick Furr, by and through his counsel Emily E. Schnidt of Borkan & Scahill, Ltd., and Harold Shoffeitt and the City of Alpharetta, by and through their counsel Phillip E. Friduss and Henry Cleland of Hall Booth Smith, P.C., and hereby submit this Partially Opposed Motion for Extension of Time to Respond to Plaintiff's Complaint. In support thereof, Defendants state as follows:

1. Defendants' responsive pleading in this matter is due on April 18, 2023. However, in February 2023, the Parties began discussing potential settlement.

1

In light of the Parties' ongoing settlement discussions, Defendants seek an additional 30 days to file a responsive pleading. Defendants seek this extension to avoid expending unnecessary fees and costs responding to this Complaint if the Parties are able to resolve this matter. Plaintiff agrees to an extension but only agrees to a 10-day extension.

2. Plaintiff, Jeffrey Gray, filed this 42 U.S.C. § 1983 action on January 31, 2023, alleging Defendants violated his First, Fourth, and Fourteenth Amendment rights when Defendants briefly detained him on January 27, 2022. *Dckt. No.* 1, ¶¶ 1-2, 12.

3. Plaintiff served Lt. Furr on February 17, 2023, with his responsive pleading being due on April 18, 2023, and Defendants City of Alpharetta and Shoffeitt on March 9, 2023, with their answer ultimately being due on April 18, 2023. *Dckt. Nos*. 18-20, 24.[1]

4. Since Defendants received this Complaint, their counsel has been pursuing settlement discussions with Plaintiff's counsel. Indeed, as early as February 16, 2023, counsel for Lt. Furr contacted Plaintiff's counsel to ascertain whether Plaintiff was interested in settlement. Through the Parties'

---

[1] Plaintiff's counsel represented that he served Lt. Furr on February 1, 2023. By agreement, the Parties calculated the service date as the date by which Lt. Furr's counsel received the waiver of service. *Dckt. No.* 20.

2

subsequent e-mail and telephone conversations, Plaintiff's counsel represented he was in communication with his client and would advise as to Plaintiff's demand as soon as possible.

5. On April 13, 2023, counsel for Lt. Furr contacted Plaintiff's counsel regarding the status of a settlement demand and this requested extension given the Parties' ongoing discussions. On April 18, 2023, Plaintiff's counsel responded regarding potential settlement and stated he would only agree to a 10-day extension.

6. Defendants seek this extension to avoid expending unnecessary attorney's fees and costs in filing a responsive pleading if the Parties are ultimately able to resolve this matter. While the negotiations have been slow-moving, that is largely because Defendants have been asking Plaintiff since they were finally able to speak on March 29, 2023 to provide a demand.

7. Defendants have been diligent in their communications and attempt to resolve this matter and do not seek this extension as a delay tactic. As stated, defense counsel for Lt. Furr contacted Plaintiff's counsel on February 16, 2023 to discuss this matter and solicit a demand. Over the next one and a half months, defense counsel attempted to contact Plaintiff's counsel several times, to no avail. Finally, on March 29, 2023, counsel for Lt. Furr and Plaintiff's counsel

spoke. Since that time, Plaintiff's counsel has represented he is working with his client on a settlement demand.

8. The requested 30-day extension is reasonable to attempt to resolve this matter without wasting the Court's or the Parties' time and resources in litigation. In light of Defendants' attempt to discuss settlement in this matter, and patiently awaiting Plaintiff's responses over the course of two months, Plaintiff's proposed 10-day extension would not be equitable or reasonable. Indeed, it would not allow the Parties adequate time to fully exhaust all settlement options before engaging in this litigation.

WHEREFORE, Defendants respectfully request this Honorable Court grant Defendants' Partially Opposed Motion for Extension of Time and allow Defendants an additional 30 days, up to and including May 18, 2023, to file their responsive pleadings.

Respectfully submitted,

/s/  Emily E. Schnidt
Emily E. Schnidt
Georgia Bar No. 330676
BORKAN & SCAHILL, LTD.
20 S. Clark Street, Suite 1700
Chicago, IL 60603
eschnidt@borkanscahill.com
*Counsel for Defendant Furr*

4

/s/ Phillip E. Friduss
Phillip E. Friduss
Georgia Bar No. 277220
Henry Cleland
Georgia Bar No. 663931
191 Peachtree Street N.E.
Suite 2900
Atlanta, GA 30303
pfriduss@hallboothsmith.com
hcleland@hallboothsmith.com

*Counsel for Defendants City of Alpharetta and Harold Shoffeitt*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to Counsel of Record.

This 18th day of April, 2023.

>	*/S/ Emily E. Schnidt*
>	Emily E. Schnidt
>	Georgia Bar No.: 330676
>	Borkan & Scahill, Ltd.
>	Two First National Plaza
>	20 S. Clark Street, Suite 1700
>	Chicago, IL 60603
>	Tel: (312) 580-1030
>	Fax: (312) 263-0128
>	Email:eschnidt@borkanscahill.com
>	*Attorney for Defendant, Arick Furr*