## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GRAY,<br><br>               Plaintiff,<br><br>        v.<br><br>CITY OF ALPHARETTA, a political subdivision of the State of Georgia; ARICK FURR, a Lieutenant of the Alpharetta Department of Public Safety, in his individual capacity; and HAROLD SHOFFEITT, an officer of the Alpharetta Department of Public Safety, in his individual capacity,<br><br>               Defendants. | Civil Action File No.<br>1:23-CV-00463-MLB<br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT CITY OF ALPHARETTA AND HAROLD SHOFFEITT'S ANSWER AND AFFIRMATIVE DEFENSENS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **CITY OF ALPHARETTA and HAROLD SHOFFEIT,** Defendants in the above-styled action, and files this Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Defendants assert no actions were taken to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America.

## THIRD DEFENSE

Defendant Shoffeitt is entitled to qualified immunity.

## FOURTH DEFENSE

Defendant City is not subject to punitive damages.

## FIFTH DEFENSE

No City custom, policy or practice proximately caused Plaintiff injury.

## SIXTH DEFENSE

To the extent as may be shown through the evidence, Defendants raise all those affirmative defenses found in Fed. R. Civ. P. 8(c).

## SEVENTH DEFENSE

For their Seventh Defense, these Defendants respond to the individually numbered Paragraphs contained in Plaintiff's Complaint as follows:

## <u>INTRODUCTION</u>

1.

Defendants deny as pled the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit that partial and edited versions of the alleged events can be found on the stated link.

5.

Paragraph 5 of Plainitff's Complaint states a conclusion of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

6.

Paragraph 6 of Plainitff's Complaint states a conclusion of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

7.

Paragraph 7 of Plainitff's Complaint states a conclusion of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny as pled the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Paragraph 11 of Plainitff's Complaint states his reasons for bringing suit, requiring no response from these Defendants. To the extent a response is required, all allegations are denied.

## JURISDICTION AND VENUE

12.

Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## THE PARTIES

16.

Defendants deny as pled the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny as pled the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny as pled the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

***Gray engaged in protected speech outside of Alpharetta City Hall.***

20.

Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants can neither admit nor deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

22.

Defendants can neither admit nor deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

23.

Defendants can neither admit nor deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plainitff's Complaint.

26.

Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants can neither admit nor deny the allegations contained in Paragraph 27 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief as to the truth thereof.

28.

Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants admit the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants can neither admit nor deny the allegations contained in Paragraph 30 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

31.

Defendants deny as pled the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants denies as pled the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendants admit the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants can neither admit nor deny the allegations contained in Paragraph 35 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

***Lt. Furr detains and handcuffs Gray.***

36.

These Defendants admit Lt. Furr went back outside after speaking with "the woman".

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendants can neither admit nor deny the allegations contained in Paragraph 39 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

40.

Defendants deny as pled the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendants admit the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendants admit the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendants admit the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants admit the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

These Defendants admit Lt. Furr handcuffed Plainitff, and spoke as alleged. All other allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46.

Defendants admit the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny as pled the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendants deny as pled the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendants admit the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendants admit the allegations contained in Paragraph 52 of Plaintiff's Complaint.

***Lt. Furr stops Gray from filming their interaction.***

53.

Defendants admit the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

Defendants admit the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendants can neither admit nor deny the allegations contained in Paragraph 55 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

56.

Defendants admit the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendants admit the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendants can neither admit nor deny the allegations contained in Paragraph 58 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

59.

Defendants can neither admit nor deny the allegations contained in Paragraph 59 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

60.

Defendants deny as pled the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendants deny as pled the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendants can neither admit nor deny the allegations contained in Paragraph 62 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

63.

Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

These Defendants admit audio continued but are without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff continued to cease recording video and can neither admit nor deny same.

***Lt. Furr and Officer Shoffeitt interrogate, criticize and search Gray.***

65.

Defendants admit the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendants admit the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

Defendants admit the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

Defendants admit the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendants deny as pled the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendants admit the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.

Defendants admit Shoffeitt said what he is alleged to have said, but deny he criticized Gray.

73.

Defendants admit Shoffeitt said what he is alleged to have said, but deny it was rhetorical.

74.

Defendants admit Shoffeitt said what he is alleged to have said, but deny it was rhetorical.

75.

Defendants admit the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.

Defendants admit the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

Defendants denies as pled the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

Defendants admit the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

Defendants admit the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.

Defendants admit the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.

Defendants admit the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

Defendants admit the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

Defendants admit the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

Defendants admit the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

Defendants admit the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

Defendants admit the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

Defendants admit the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.

Defendants admit the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

Defendants admit the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

Defendants admit the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

Defendants admit the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

Defendants admit the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

Defendants admit the allegations contained in Paragraph 93 of Plaintiff's Complaint.

**Lt. Furr documents the encounter in a "Criminal Trespass Warning."**

94.

Defendants deny as pled the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.

Defendants denies as pled the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

Defendants admit Lt. Furr documented that he was "told again by another citizen that there was a male yelling at people and asking for money." Defendants deny the remaining allegations of Paragraph 96.

97.

Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.

Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.

Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

Defendants deny as pled the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

Defendants deny as pled the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

Defendants can neither admit nor deny the allegations contained in Paragraph 102 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

103.

Defendants deny as pled the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

Defendants can neither admit nor deny the allegations contained in Paragraph 104 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

105.

Defendants deny as pled the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.

Defendants can neither admit nor deny the allegations contained in Paragraph 106 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

107.

Defendants can neither admit nor deny the allegations contained in Paragraph 107 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

**After Gray posts video of the encounter to YouTube, Lt. Furr writes a "revised" memo.**

108.

Defendants can neither admit nor deny the allegations contained in Paragraph 108 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

109.

Defendants admit the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.

Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.

Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.

Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.

Defendants deny the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.

Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.

Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.

Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.

Defendants can neither admit nor deny the allegations contained in Paragraph 117 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

118.

Defendants admit the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.

Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.

Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.

Defendants admit the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.

Defendants admit the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.

Defendants deny the allegations contained in Paragraph 123 of Plainitff's Complaint.

124.

Defendants can neither admit nor deny the allegations contained in Paragraph 124 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

### *Alpharetta has a policy, practice, or custom of chilling and punishing "panhandling" speech.*

125.

Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.

Deny as pled – Defendant City has no anti-panhandling policy.

127.

These Defendants admit warning residents about swindlers' illicit schemes to defraud them of money, and deny the remaining allegations of Paragraph 127, as pled.

128.

Defendants deny the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.

Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.

Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.

Defendants deny the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.

Defendants deny as pled the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.

Defendants deny as pled the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.

Defendants deny as pled the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.

Defendants deny as pled the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.

Defendants deny as pled the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.

Defendants deny as pled the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.

Defendants deny as pled the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.

Defendants deny as pled the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.

Defendants deny as pled the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.

Defendants deny as pled the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.

Defendants admit the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.

Defendants deny as pled the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.

Defendants admit the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.

Defendants admit the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.

Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.

Defendants deny the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.

Defendants admit the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.

Defendants deny the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.

Defendants admit Councilman Merkel said the quoted language, but deny the remaining allegations of Paragraph 150 of Plaintiff's Complaint, as pled.

151.

Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.

Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.

Defendants deny as pled the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.

Defendants deny as pled the allegations contained in Paragraph 154 of Plaintiff's Complaint.

## **INJURIES TO PLAINTIFF**

155.

Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.

Defendants deny as pled the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.

Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.

Defendants deny the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.

Defendants deny the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160.

Defendants deny the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.

Defendants deny the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.

Defendants deny the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.

Defendants deny the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.

Defendants deny the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.

Defendants deny the allegations contained in Paragraph 165 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

**First Amendment Retaliation**
**(42 U.S.C. § 1983)**
**(Against Lt. Furr and Officer Shoffeitt in their Individual Capacities)**

166.

These Defendants adopt and incorporate their responses to Paragraphs 1-165 of Plainitff's Complaint as if set forth fully herein.

167.

Paragraph 167 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

168.

Paragraph 168 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

169.

Paragraph 169 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

170.

Paragraph 170 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

171.

Paragraph 171 is a statement of law requiring no response from these Defendants.

172.

Paragraph 172 is a statement of law requiring nor response of these Defendants.

173.

Defendants deny as pled the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174.

Defendants admit the allegations contained in Paragraph 174 of Plaintiff's Complaint.

175.

Defendants deny the allegations contained in Paragraph 175 of Plaintiff's Complaint.

176.

Defendants deny as pled the allegations contained in Paragraph 176 of Plaintiff's Complaint.

177.

Defendants deny the allegations contained in Paragraph 177 of Plaintiff's Complaint.

178.

Defendants deny the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.

Defendants deny the allegations contained in Paragraph 179 of Plaintiff's Complaint.

180.

Defendants deny the allegations contained in Paragraph 180 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

**First Amendment Facial Overbreadth Challenge to the City of Alpharetta's Policy, Practice, or Custom Prohibiting "Panhandling" (42 U.S.C. § 1983) (Against the City of Alpharetta)**

181.

These Defendants adopt and incorporate, as if set forth fully herein, their responses to Paragraphs 1-165 and 168-70 of Plaintiff's Complaint.

182.

Paragraph 182 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

183.

Defendants deny the allegations contained in Paragraph 183 of Plaintiff's Complaint.

184.

Defendants deny as pled the allegations contained in Paragraph 184 of Plaintiff's Complaint.

185.

Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.

Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187.

Defendants admit the City of Alpharetta does not have a panhandling ordinance, nor a policy practice or custom of preventing panhandling, without more.

188.

Paragraph 188 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

189.

Defendants deny the allegations contained in Paragraph 189 of Plaintiff's Complaint.

190.

Defendants deny the allegations contained in Paragraph 190 of Plaintiff's Complaint.

191.

Defendants deny the allegations contained in Paragraph 191 of Plaintiff's Complaint.

192.

Defendants deny the allegations contained in Paragraph 192 of Plaintiff's Complaint.

193.

Defendants deny the allegations contained in Paragraph 193 of Plaintiff's Complaint.

194.

Paragraph 194 of Plainitff's Complaint is a statement of claim requiring no response from these Defendants. Defendants otherwise deny the City maintains and anti-panhandling policy, practice or custom.

195.

Defendants deny the allegations contained in Paragraph 195 of Plaintiff's Complaint.

196.

Paragraph 196 is a statement of law requiring no response of these Defendants. These Defendants deny liability to Plaintiff.

197.

Defendants deny the allegations contained in Paragraph 197 of Plaintiff's Complaint.

198.

Defendants deny the allegations contained in Paragraph 198 of Plaintiff's Complaint.

199.

Defendants deny the allegations contained in Paragraph 199 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

**As-Applied First Amendment Challenge to the City of Alpharetta's Policy, Practice, or Custom Prohibiting "Panhandling"**
**(42 U.S.C. § 1983)**
**(Against the City of Alpharetta, Lt. Furr and Officer Shoffeitt in their Individual Capacities)**

200.

These Defendants adopt and incorporate their responses to Paragraphs 1-165, 168-70, 182-90, 193, and 195-99 of Plaintiff's Complain as if set forth fully herein.

201.

Defendants can neither admit nor deny the allegations contained in Paragraph 201 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

202.

Defendants deny the allegations contained in Paragraph 202 of Plaintiff's Complaint.

203.

Defendants deny having a custom, policy, or practice as alleged by Plainitff. The remainder of Paragraph 203 of Plaintiff's Complaint is a statement of law, requiring no response from Defendants.  These Defendants deny liability to Plaintiff.

204.

Defendants deny the allegations contained in Paragraph 204 of Plaintiff's Complaint.

205.

Defendants deny the allegations contained in Paragraph 205 of Plaintiff's Complaint.

206.

Defendants deny the allegations contained in Paragraph 206 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

**Facial First Amendment Challenge to the City of Alpharetta's Policy, Practice, or Custom Prohibiting "Panhandling" as a Content-Based Limitation on Speech (42 U.S.C. § 1983) (Against the City of Alpharetta)**

207.

These Defendants adopt and incorporate their responses to Paragraphs 1-165, 168-70, 182-99 of Plaintiff's Complain as if set forth fully herein.

208.

Paragraph 208 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

209.

Paragraph 209 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

210.

Paragraph 210 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

211.

Defendants deny the allegations contained in Paragraph 211 of Plaintiff's Complaint.

212.

These Defendants deny they have a prohibition against panhandling, standing alone.  Defendants deny owing liability to Plaintiff.

213.

Defendants deny as pled the allegations contained in Paragraph 213 of Plaintiff's Complaint.

214.

Defendants deny the allegations contained in Paragraph 214 of Plaintiff's Complaint.

215.

These Defendants deny they have a prohibition against panhandling, standing alone.

216.

Paragraph 216 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

217.

Defendants deny as pled the allegations contained in Paragraph 217 of Plaintiff's Complaint.

218.

Defendants deny the allegations contained in Paragraph 218 of Plaintiff's Complaint.

219.

Defendants deny the allegations contained in Paragraph 219 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION
**First Amendment Challenge to Lt. Furr's Interference with Gray's Right to Anonymity and Freedom from Compelled Speech**
**(42 U.S.C. § 1983)**
**(Against Lt. Furr in his Individual Capacity)**

220.

These Defendants adopt and incorporate their responses to Paragraphs 1-124, 155-65, and 167-68 of Plaintiff's Complaint as if set forth fully herein.

221.

Paragraph 221 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

222.

Paragraph 222 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

223.

Paragraph 223 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

224.

Defendants deny the allegations contained in Paragraph 224 of Plaintiff's Complaint.

225.

Defendants can neither admit nor deny the allegations contained in Paragraph 225 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

226.

Defendants deny the allegations contained in Paragraph 226 of Plaintiff's Complaint.

227.

Defendants deny the allegations contained in Paragraph 227 of Plaintiff's Complaint.

228.

Defendants can neither admit nor deny the allegations contained in Paragraph 228 of Plaintiff's Complaint, for want of knowledge or information sufficient to from a belief as to the truth thereof.

229.

Defendants can neither admit nor deny the allegations contained in Paragraph 229 of Plaintiff's Complaint, for want of knowledge or information sufficient to from a belief as to the truth thereof.

230.

Defendants can neither admit nor deny the allegations contained in Paragraph 230 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

231.

Defendants deny as pled the allegations contained in Paragraph 231 of Plaintiff's Complaint.

232.

Defendants deny the allegations contained in Paragraph 232 of Plaintiff's Complaint.

233.

Defendants deny the allegations contained in Paragraph 233 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

**First Amendment Challenge to Lt. Furr's Interference with Gray's Right to Film Police**
**(42 U.S.C. § 1983)**
**(Against Lt. Furr in his Individual Capacity)**

234.

Defendants adopt and incorporate, as if set forth fully herein, their responses to Paragraphs 1-122, 125-65, 167=78, and 183-88 of Plaintiff's Complaint.

235.

Paragraph 235 is a statement of law requiring no response from these Defendants. These Defendants deny liability to Plaintiff.

236.

Upon information and belief, Defendants admit the allegations contained in Paragraph 236 of Plaintiff's Complaint.

237.

Defendants can neither admit nor deny the allegations contained in Paragraph 237 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

238.

Defendants deny the allegations contained in Paragraph 238 of Plaintiff's Complaint.

239.

Defendants can neither admit nor deny the allegations contained in Paragraph 239 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

240.

Defendants can neither admit nor deny the allegations contained in Paragraph 240 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

241.

Defendants can neither admit nor deny the allegations contained in Paragraph 241 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

242.

Defendants can neither admit nor deny the allegations contained in Paragraph 242 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

243.

Defendants deny as pled the allegations contained in Paragraph 243 of Plaintiff's Complaint.

244.

Defendants deny the allegations contained in Paragraph 244 of Plaintiff's Complaint.

245.

Defendants deny the allegations contained in Paragraph 245 of Plaintiff's
Complaint.

## SEVENTH CAUSE OF ACTION

**First Amendment Challenge to Prior Restraint of Gray's Protected Speech
(42 U.S.C. § 1983)
(Against the City of Alpharetta, and Lt. Furr in his Individual Capacity)**

246.

Defendants adopt and incorporate, as if set forth fully herein, its responses to
Paragraphs 1-165, 167-78, 183-88 and 190 of Plainitff's Complaint.

247.

Defendants deny the allegations contained in Paragraph 247 of Plaintiff's
Complaint.

248.

Defendants deny the allegations contained in Paragraph 248 of Plaintiff's
Complaint.

249.

Paragraph 249 is a statement of law requiring no response from these
Defendants.  These Defendants deny liability to Plaintiff.

250.

Paragraph 250 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

251.

Defendants deny the allegations contained in Paragraph 251 of Plaintiff's Complaint.

252.

Paragraph 252 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

253.

Paragraph 253 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

254.

Paragraph 254 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

255.

Defendants can neither admit nor deny the allegations contained in Paragraph 255 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

256.

Defendants deny the allegations contained in Paragraph 256 of Plaintiff's Complaint.

257.

Defendants can neither admit nor deny the allegations contained in Paragraph 257 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

258.

Defendants can neither admit nor deny the allegations contained in Paragraph 258 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

259.

Defendants can neither admit nor deny the allegations contained in Paragraph 259 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

260.

Defendants admit the allegations contained in Paragraph 260 of Plaintiff's Complaint.

261.

Defendants can neither admit nor deny the allegations contained in Paragraph 261 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

262.

Defendants deny as pled the allegations contained in Paragraph 262 of Plaintiff's Complaint.

263.

Defendants deny the allegations contained in Paragraph 263 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

264.

Defendants deny as pled the allegations contained in Paragraph 264 of Plaintiff's Complaint.

265.

Defendants deny the allegations contained in Paragraph 265 of Plaintiff's Complaint.

266.

Defendants deny the allegations contained in Paragraph 266 of Plaintiff's Complaint.

267.

Defendants deny the allegations contained in Paragraph 267 of Plaintiff's Complaint.

## **EIGHTH CAUSE OF ACTION**

**Violation of Fourteenth Amendment – Procedural Due Process**
**(42 U.S.C. §1983)**
**(Against the City of Alpharetta and Lt. Furr in his Individual Capacity)**

268.

These Defendants adopt and incorporate, as if set forth fully herein, their responses to Paragraphs 1-165, 167-68, 183-90, and 247-67 of Plaintiff's Complaint.

269.

Paragraph 269 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

270.

Paragraph 270 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

271.

Defendants deny as pled the allegations contained in Paragraph 271 of Plaintiff's Complaint.

272.

Defendants deny the allegations contained in Paragraph 272 of Plaintiff's Complaint.

273.

Defendants deny the allegations contained in Paragraph 273 of Plaintiff's Complaint.

274.

Paragraph 274 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

275.

Paragraph 275 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

276.

Defendants deny as pled the allegations contained in Paragraph 276 of Plaintiff's Complaint.

277.

Defendants deny the allegations contained in Paragraph 277 of Plaintiff's Complaint.

## NINTH CAUSE OF ACTION

**Violation of Gray's Fourteenth Amendment Rights – Unlawful Seizure and False Arrest
(42 U.S.C. §1983)
(Against Lt. Furr and Officer Shoffeitt in their Individual Capacities)**

278.

These Defendants adopt and incorporate, as if set forth fully herein, their responses to Paragraphs 1-165 and 167-75 of Plaintiff's Complaint.

279.

Paragraph 279 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

280.

Defendants deny as pled the allegations contained in Paragraph 280 of Plaintiff's Complaint.

281.

Defendants deny as pled the allegations contained in Paragraph 281 of Plaintiff's Complaint.

282.

Paragraph 282 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

283.

Paragraph 283 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

284.

Defendants deny the allegations contained in Paragraph 284 of Plaintiff's Complaint.

285.

Defendants can neither admit nor deny the allegations contained in Paragraph 285 of Plaintiff's Complaint, for want of information or knowledge sufficient to form a belief thereto.

286.

Defendants deny the allegations contained in Paragraph 286 of Plaintiff's Complaint.

287.

Defendants deny the allegations contained in Paragraph 287 of Plaintiff's Complaint.

288.

Defendants deny as pled the allegations contained in Paragraph 288 of Plaintiff's Complaint.

289.

Defendants deny the allegations contained in Paragraph 289 of Plaintiff's Complaint.

290.

Defendants deny the allegations contained in Paragraph 290 of Plaintiff's Complaint.

## TENTH CAUSE OF ACTION

**Violation of Gray's Fourth Amendment Rights – Unlawful Search
(42 U.S.C. §1983)
(Against Lt. Furr in his Individual Capacity)**

291.

These Defendants adopt and incorporate, as if set forth fully herein, its responses to Paragraphs 1-165, 167-65, and 279-88 of Plainitff's Complaint.

292.

Paragraph 292 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

293.

Defendants deny the allegations contained in Paragraph 293 of Plaintiff's Complaint.

294.

Defendants admit the allegations contained in Paragraph 294 of Plaintiff's Complaint.

295.

Defendants deny the allegations contained in Paragraph 295 of Plaintiff's Complaint.

296.

Paragraph 296 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

297.

Paragraph 297 is a statement of law requiring no response from these Defendants.  These Defendants deny liability to Plaintiff.

298.

Defendants deny the allegations contained in Paragraph 298 of Plaintiff's Complaint.

299.

Defendants deny the allegations contained in Paragraph 299 of Plaintiff's Complaint.

300.

This Defendant denies any and all allegations and prayers for relief contained in the unnumbered WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.

301.

All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

WHEREFORE, Defendants respectfully request this Court inquire into and dismiss Plainitff's Complaint with all costs cast against Plaintiff.

Respectfully submitted this 8th day of June, 2023.

                                        **HALL BOOTH SMITH, P.C.**

                                        */s/ Phillip E. Friduss*
                                        PHILLIP E. FRIDUSS
                                        Georgia Bar No. 277220
                                        HENRY M. CLELAND
                                        George Bar No. 663931
                                        *Counsel for Defendants City of*
191 Peachtree Street, N.E.              *Alpharetta and Harold Shoffeitt*
Suite 2900
Atlanta, GA 30303-1755
Tel:  404-954-5000
Fax:  404-954-5020
pfriduss@hallboothsmith.com
hcleland@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JEFFREY GRAY,

                Plaintiff,

       v.

CITY OF ALPHARETTA, a political
subdivision of the State of Georgia;
ARICK FURR, a Lieutenant of the
Alpharetta Department of Public Safety,
in his individual capacity; and
HAROLD SHOFFEITT, an officer of
the Alpharetta Department of Public
Safety, in his individual capacity,

                Defendants.

Civil Action File No.
1:23-CV-00463-MLB

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT CITY OF ALPHARETTA'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** was served via electronic filing, via email and/or by placing same in the United States mail in a properly addressed envelope with adequate postage affixed thereto.

Adam Steinbaugh
Harrison Michael Rosenthal
James Michael Diaz
**Foundation for Individual Rights and Expression**
510 Walnut Street, Suite 1250
Philadelphia, PA. 19106
215-717-3473
adam@thefire.org
harrison.rosenthal@thefire.org
jay.diaz@thefire.org
*Counsel for Plaintiff*

Andrew Santos Fleischman
**Sessions & Fleischman, LLC**
3155 Roswell Road
Suite 220
Atlanta, GA. 30305
470-524-6379
santosfleischman@gmail.com
*Counsel for Plaintiff*

James Patrick Jordan
**Foundation for Individual Rights and Expressions – DC**
700 Pennsylvania Avenue, SE
Suite 340
Washington, DC. 20003
215-717-3473
James.jordan@thefire.org
*Counsel for Plaintiff*

Emily E. Schnidt
**Borkan & Scahill, Ltd.**
Two First National Plaza
20 S. Clark Street
Suite 1700
Chicago, IL. 60603
312-580-1030
eschnidt@borkanscahill.com
*Counsel for Arick Furr*

Respectfully submitted this 8th day of June, 2023.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1755
Tel:  404-954-5000
Fax:  404-954-5020
pfriduss@hallboothsmith.com
hcleland@hallboothsmith.com

*/s/ Phillip E. Friduss*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
HENRY M. CLELAND
George Bar No. 663931
*Counsel for Defendants City of Alpharetta and Harold Shoffeitt*