IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY GRAY,<br>            Plaintiff,<br><br>     v.<br><br>CITY OF ALPHARETTA, *et al.*,<br>            Defendants. | Civil Action No. 1:23-cv-00463-MLB |

**PLAINTIFF'S NOTICE TO THE COURT AS TO THE STATUS OF THE PARTIES' SETTLEMENT NEGOTIATIONS**

Plaintiff Jeffrey Gray submits this Notice to the Court as to the Status of the Parties' Settlement Negotiations.

The parties have exchanged proposals concerning policies implicated by Plaintiff's Complaint (ECF No. 1) following an eight-hour mediation on September 6, 2023, during which the parties settled the monetary aspect of the case. Plaintiff provided Defendants City of Alpharetta and Harold Shoffeitt (the "Alpharetta Defendants") a comprehensive, six-page proposal concerning the outstanding policy issues on October 23, 2023, twice offering to stipulate to an extension of the deadline to conclude the negotiations in order to provide Defendants with adequate time to consider the proposal. The Alpharetta Defendants did not respond to the offer to extend the deadline to complete negotiation.

1

Instead, on October 25, 2023, the Alpharetta Defendants improperly filed a Notice to the Court as to the Status of the Parties' Settlement Negotiations (ECF No. 35). Plaintiff responds as follows:

1. The Alpharetta Defendants' claim that Plaintiff has shown "bad faith" is baseless. On October 23, Plaintiff provided the Alpharetta Defendants with a "sophisticated," six-page proposal to resolve the complicated policy questions posed by Plaintiff's Complaint.[1] The proposal is based on a review of settlements in similar cases from around the country. It followed Plaintiff's participation in an eight-hour mediation. ECF No. 34. The mediation resulted in the parties' agreement as to the monetary aspects of the matter contingent on resolution of the outstanding policy questions. Participating in a lengthy mediation, coming to a tentative partial resolution, and offering a "sophisticated" policy proposal within seven weeks is far from the "clear record of delay or willful conduct" necessary to justify the Alpharetta Defendants' extreme demand that the Complaint be dismissed. *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005).

---

[1] Plaintiff's Complaint alleges, among other things, that the City of Alpharetta has, in violation of the First Amendment, maintained an unwritten policy, pattern, or practice of prohibiting "panhandling" speech anywhere in the city. After seeking repeated extensions to respond to the Complaint, the Alpharetta Defendants filed Answers without moving to dismiss. ECF Nos. 21 (Joint Motion for Extension of Time to File Answer), 25 (Defendants' Partially Opposed Motion for Extension of Time to Respond to Plaintiff's Complaint), 26 (Consent Motion for Extension of Time to File Answer to Complaint), 29 (Alpharetta Defendants' Answer).

2. Defendants complain that for the period of "September 21 - October 22 – Over a month goes by without any communication from Plaintiff of any kind." Between September 20, 2023, and October 8, 2023, and as explained to Defendants' counsel via email on September 20, 2023, Plaintiff's lead counsel was unavailable for eighteen days due to a planned vacation in Africa. *See* ECF No. 31 (notice of unavailability). In the meantime, Plaintiff's counsel team reviewed policy-based settlements in similar cases and conducted research to determine an appropriate response to Defendants' proposal. Upon his return, Plaintiff's lead counsel was occupied with urgent correspondence, client matters, and the need to file a complicated complaint in advance of a nearly run statute of limitations. *See Gibbons v. Phipps*, No. 2:23-cv-138 (E.D. Tenn. Oct. 17, 2023). Additionally, preparing a "sophisticated" policy proposal required an iterative process of drafting and editing over several days to determine how best to meet Plaintiff's goals while compromising for the sake of resolution in good faith. The document then required consideration and approval by Plaintiff and review and approval of senior attorneys, the Legal Director, and the General Counsel at the non-profit organization that represents Plaintiff.

3. The Alpharetta Defendants' contention that they do not have sufficient time to consider and respond to Plaintiff's "sophisticated" policy proposal is baseless. Their Notice omits that Plaintiff's October 23, 2023,

proposal was accompanied by an offer to stipulate to an extension of the time Defendants believed would be necessary give Plaintiff's proposal due consideration. Although Defendants' counsel responded to Plaintiff's "sophisticated" policy proposal the next morning via email—telling Plaintiff's counsel, "you've lost your mind" and "fumbled the good faith football"—he did not respond to Plaintiff's offer to stipulate to an extension of time. Plaintiff's lead counsel followed up on that offer the following day, preemptively agreeing to stipulate to a thirty-day extension of the deadline. The Alpharetta Defendants did not respond, and instead submitted an improper Notice to the Court.

4. The Alpharetta Defendants' requested relief should be denied. They identify no form of prejudice that would result from continued negotiation through the mediation process they requested—and, in fact, ask the Court to *continue* the mediation process. Instead, prejudice would befall the Plaintiff, who has filed a meritorious Complaint alleging serious violations of fundamental constitutional rights on the part of the City of Alpharetta and its law-enforcement officers to which Defendants have responded with an Answer. ECF No. 29.

5. The Alpharetta Defendants' request is also procedurally improper, requesting relief without an accompanying affidavit and memorandum of law as required by Local Rule 7.1(a)(1).

6. Plaintiff respectfully submits that the Court continue the deadline to complete their negotiations and submit a status report to Magistrate Judge Walker. If the Court—or Magistrate Judge Walker—deems necessary, Plaintiff agrees that proposing a particular schedule for the exchange of the remaining proposals (*e.g.*, that proposals be submitted each Friday) would facilitate the parties' negotiations.

DATED:   October 25, 2023

                                  Respectfully submitted,

                                  /S/ *Adam Steinbaugh*
                                  ADAM STEINBAUGH*
                                  PA Bar No. 326475; CA No. 304829
                                  JAMES M. DIAZ*
                                  VT Bar No. 5014
                                  FOUNDATION FOR INDIVIDUAL RIGHTS
                                      AND EXPRESSION
                                  510 Walnut Street, Suite 1250
                                  Philadelphia, PA 19106
                                  Tel:   (215) 717-3473
                                  Fax:  (267) 573-3073
                                  adam@thefire.org
                                  jay.diaz@thefire.org

                                  *Counsel for Plaintiff Jeffrey Gray*

                                  * Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, a copy of the foregoing **PLAINTIFF'S NOTICE TO THE COURT AS TO THE STATUS OF THE PARTIES' SETTLEMENT NEGOTIATIONS** was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send notification of such filing to the following attorneys of record:

>Phillip E. Friduss
>191 Peachtree Street, N.E., Suite 2900
>Atlanta, GA 30303-1755
>Tel: 404-954-5000
>Fax: 404-954-5020
>pfriduss@hallboothsmith.com
>*Counsel for Defendants City of Alpharetta and Harold Shoffeitt*
>
>Henry M. Cleland
>191 Peachtree Street, N.E., Suite 2900
>Atlanta, GA 30303-1755
>Tel: 404-954-5000
>Fax: 404-954-5020
>hcleland@hallboothsmith.com
>*Counsel for Defendants City of Alpharetta and Harold Shoffeitt*
>
>Emily E. Schnidt
>Borkan & Scahill, Ltd.
>Two First National Plaza 20 S. Clark Street, Suite 1700
>Chicago, IL. 60603
>312-580-1030
>eschnidt@borkanscahill.com
>*Counsel for Defendant Arick Furr*

Signed this 25th day of October, 2023.

>>*/s/ Adam Steinbaugh*
>>Adam Steinbaugh